UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JOSE VASQUEZ,                        )
                                     )
                  Petitioner,        )
                                     )
            vs.                      )        No. 2:14-cv-00260-JMS-DKL
                                     )
J. F. CARAWAY Warden,                )
                                     )
                  Respondent.        )

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Jose Vasquez is a federal inmate who alleges in this action for habeas corpus relief that prison authorities found him guilty of misconduct and deprived him of good time in retaliation for his denial of culpability for a charge of related misconduct. The respondent has argued that Vasquez was afforded the limited procedural protections required by *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974), and that the decision was supported by at least "some evidence" as required by *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985).

Using the protections recognized in *Wolff* and Hill as an analytical template, Vasquez received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Vasquez was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of the findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed. Vasquez's contentions otherwise are either irrelevant to the charge and proceeding involved in this case or refuted by the

expanded record. He is not entitled to relief based on them. For example, his claim that the hearing officer's decision cannot be based solely on hearsay is incorrect, *See Jackson v. Carlson,* 707 F.2d 943, 948 (7th Cir. 1983) (finding hearsay statements sufficient to support disciplinary charges), as is his claim that he was entitled to lay representation in the circumstances of this case. Finally, he presents the conjecture that retaliation was the motive for the charge and the discipline. On the contrary, however, a process in which established procedures are followed, where discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness which violates due process. *See McPherson v. McBride,* 188 F.3d 784, 787 (7th Cir. 1999)("as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent."); *Brown v. Carpenter,* 889 F.Supp. 1028, 1034 (W.D.Tenn.1995)("Plaintiff has no right protecting him from being charged with a disciplinary offense. . . . A plaintiff cannot bootstrap a frivolous complaint with a conclusory allegation of retaliation."). Finally, petitioner admitted disposing of the item. He quarrels that it was not contraband, but it was not required to be.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Vasquez to relief. Accordingly, he is not entitled to the relief he seeks. That petition must therefore be **denied** and the action dismissed.

**II.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:  January 26, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

JOSE  VASQUEZ
#26759-038
TERRE HAUTE - USP
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808